J-S12043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                                        :
             v.                       :
                                        :
                                        :
DARRYL JENKINS              :
                                        :
           Appellant          :    No. 1968 EDA 2021

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004817-2017,
CP-09-CR-0005615-2016

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED JULY 14, 2022**

Appellant, Darryl Jenkins, appeals *pro se* from the Order entered in the Court of Common Pleas of Bucks County denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The Commonwealth charged Appellant with multiple sex crimes related to sexual abuse he perpetrated against A.B., the minor daughter of his paramour. Appellant's jury trial began on March 29, 2017. Appellant failed to appear on the second day of trial. After a hearing and multiple attempts to locate Appellant, the trial court determined that Appellant was voluntarily absent without cause, issued a bench warrant for Appellant's arrest, and held Appellant's trial *in absentia*.

The jury convicted Appellant of Unlawful Contact with a Minor, Corruption of Minors, and Indecent Assault – Person Less Than 16 Years of Age. Appellant eventually appeared in court and pleaded guilty to Default in Required Appearance. On September 22, 2017, the trial court sentenced Appellant to an aggregate term of 11½ to 23 years' incarceration for all convictions. This Court affirmed Appellant's Judgment of Sentence and, on November 14, 2019, our Supreme Court denied allowance of appeal. **Commonwealth v. Jenkins**, 217 A.3d 430 (Pa. Super. filed May 23, 2019) (non-precedential decision), *appeal denied*, 219 A.3d 1106 (Pa. 2019).

Appellant *pro se* filed the instant PCRA petition, his first, on February 21, 2020. The PCRA court appointed counsel, and, on September 18, 2020, counsel filed a **Turner**/**Finley**[1] "no merit" letter and Petition to Withdraw.[2] On July 9, 2021, the PCRA court filed notice of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted counsel's request to withdraw. On August 24, 2021, the PCRA court dismissed Appellant's Petition.

Appellant timely filed a Notice of Appeal. The PCRA court did not order Appellant to file a Rule 1925(b) statement, but did file a Rule 1925(a) Opinion. On appeal, Appellant raises seven claims of ineffective assistance of PCRA

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] On November 25, 2020, the PCRA court issued an order directing counsel to address certain claims Appellant raised in his *pro se* petition. Counsel filed a supplemental "no-merit" letter on January 11, 2021.

counsel. Appellant's Br. at 7-8. Six of these claims relate to PCRA counsel's failure to assert trial counsel's ineffectiveness and, thus, present layered ineffectiveness claims.[3] *Id.*

We review an order denying PCRA relief to determine if the record supports the court's findings and whether the court's legal conclusions are free from legal error. *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019). We presume counsel to have been effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must plead and prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). With respect to Appellant's six layered ineffectiveness claims, he must satisfy each element of the test "as to each layer of allegedly ineffective counsel[.]" *Commonwealth v. Dennis*, 17 A.3d 297, 302 (Pa. 2011).

"A PCRA petitioner must address each of these prongs on appeal." *Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021). Where an appellant fails to meaningfully discuss and apply each of the three prongs of the ineffectiveness test, we will deny relief. *Id. See also Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) ("[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the

_____

[3] We determine that Appellant's claims of PCRA counsel ineffectiveness are properly before this Court pursuant to *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (permitting petitioner to "raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal.").

- 3 -

review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.").

In the instant case, Appellant has failed to satisfy his burden of establishing that he is entitled to relief. Appellant does not address any of the three prongs of the ineffectiveness test with respect to trial counsel's stewardship or the PCRA court's finding that trial counsel was effective. Appellant has likewise failed to analyze PCRA counsel's representation through the three-prong ineffectiveness test. Additionally, although he cites to an abundance of caselaw, Appellant's citations are haphazard, confusing, and lend no cognizable support to his arguments. In short, despite presenting seven allegations of ineffectiveness across fourteen pages of argument, Appellant has failed to develop his argument through the lens of the well-established test for ineffective assistance of counsel. Appellants failure precludes our ability to grant him relief on these claims. **See Bracey**, 795 A.2d 935, 940 n.4. As a result, we affirm the PCRA court's order dismissing Appellant's Petition.[4]

Order affirmed.

---

[4] On January 14, 2022, Appellant filed an Application for Relief requesting that this Court grant him briefing leniency due to his *pro se* status. Application for Relief, filed 1/14/22. It is well settled that "*pro se* status confers no special benefit on an appellant." **In re Ullman**, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citation omitted). We, therefore, deny Appellant's Application for Relief.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/14/2022*